

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00435-CV
_____

IN RE DALLAS JAMES MOORE, RELATOR

Original Proceeding
Arising From Proceedings Before the 320th District Court
Potter County, Texas
Trial Court No. 73,321-D; Honorable Don Emerson, Presiding

February 25, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Relator, Dallas James Moore, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Don Emerson to rule on his petition for writ of habeas corpus. This court takes judicial notice that the Honorable Don Emerson

retired effective December 31, 2018.[1]  The Honorable Pamela C. Sirmon now holds the office as Judge Emerson's successor.

Rule 7.2 of the Texas Rules of Appellate Procedure provides for automatic substitution of a public official in an appeal or original proceeding if the original party ceases to hold office before the appeal's or original proceeding's final disposition.  Tex. R. App. P. 7.2(a).  Judge Sirmon is now substituted as the Respondent in this original proceeding.

Rule 7.2(b) provides that an original proceeding must be abated "to allow the successor to reconsider the original party's decision.  In all other cases, the suit will not abate, and the successor will be bound by the appellate court's judgment or order as if the successor was the original party."  Tex. R. App. P. 7.2(b).  In this proceeding, Relator complains that Judge Emerson failed to issue a ruling in his habeas corpus proceeding by which he claimed he was being illegally detained by the Potter County Sheriff's Department.

No decision being made by Judge Emerson, there is nothing for his successor to "reconsider" and therefore, no need to abate this proceeding.  Regarding the merits of Relator's request for mandamus relief, we observe he failed to comply with the requirements of Rule 52.3 of the Texas Rules of Appellate Procedure.[2]  We recognize

---

[1] This court has the power to take judicial notice when the facts noticed are not subject to reasonable dispute. *In re Bramlett*, 07-09-0113-CV, 2009 Tex. App. LEXIS 3177, at *1 (Tex. App.—Amarillo April 30, 2009, orig. proceeding) (mem. op.) (citing *City of Houston v. Todd*, 41 S.W.3d 289, 301 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

[2] Relator requests that this court contact the Potter County District Clerk for a copy of his writ of habeas corpus and other necessary documents.  The burden to provide a sufficient record for the requested relief falls on Relator and this court has no duty to obtain the necessary documents. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

that *pro se* filings may be reviewed less stringently than those filed by attorneys; *Haines v. Kerner*, 404 U. S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); however, a party proceeding *pro se* is not exempt from complying with rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

Relator's petition for writ of mandamus is denied.

Per Curiam